UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| LYANI SENA-BROWN, | ) |
| | ) |
| Defendant | |

## COMPLAINT

Plaintiff, the United States of America, on behalf of the Small Business Administration ("SBA"), hereby files this Complaint (the "Complaint") against Lyani Sena-Brown (the "Defendant").

## PARTIES

1.     The Plaintiff is the United States of America, acting through the SBA.

2.     The Defendant is a resident of Dorchester, Massachusetts.

## JURISDICTION AND VENUE

3.     The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345.

4.     Venue is appropriate in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)(1), (c)(2).

## FACTUAL ALLEGATIONS

5.     As set forth in the Information in *United States v. Lyani Sena-Brown* attached hereto as Exhibit A and incorporated herein by reference (the "Information"), the SBA is an agency of the executive branch of the United States government.  The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of

small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enables and provides for loans, guaranteed by the government, through banks, credit unions, and other lenders.

6.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering the economic effects of the COVID-19 pandemic. The CARES Act also provided funding for forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP"). The PPP offered forgivable loans to small businesses affected by the COVID-19 pandemic. The loan proceeds could be used for payroll and certain other business expenses.

7.    In order to obtain a PPP loan, a qualifying business was required to submit a loan application signed by an authorized representative of the business acknowledging the program rules and making certain affirmative certifications, including details about the business and documents to verify its income. PPP loan applications were processed by participating lenders.

8.    Because the PPP was an emergency program designed to provide funds to small businesses as quickly as possible, participating lenders were allowed to rely on applicants' certifications without verifying the accuracy of information the applicants represented to be true.

9.    If a PPP loan application was approved, the participating lender funded the PPP loan using its own money, but the loan was guaranteed by the SBA. Data from the application, including information about the borrower and its income, was transmitted by the lender to the SBA in the course of processing the loan.

10.    After obtaining the loan proceeds, the borrower could apply for forgiveness of the loan if they met certain requirements. If the loan was forgiven, the SBA repaid the lender the

full amount of the loan plus any accrued interest.

11.    As set forth in the Information attached hereto as Exhibit A, in April 2021 the Defendant applied for two PPP loans for a non-existent business purportedly owned by Defendant.

12.    Unaware that Defendant did not own a business, the SBA guaranteed the loans, the lender issued them, and the SBA forgave them and repaid the lender the full amount of the loans plus interest, in the total amount of $41,038.04. The Defendant did not repay any portion of the loans.

## COUNT I: FRAUD IN THE INDUCEMENT

13.    The Plaintiff incorporates by reference the allegations in all the foregoing paragraphs as if they were restated here in full.

14.    In each PPP loan application, the Defendant falsely represented that she owned a business. This material misrepresentation induced the SBA to agree to forgive the loan if the Defendant later applied for forgiveness, which agreement caused the loan to be approved and funded and the loan proceeds to be distributed to the Defendant.

15.    The SBA would not have agreed to forgive the loans, and the loans would not have been approved and funded, had the SBA known the Defendant did not own a business.

16.    As a result of the Defendant's fraud, the Plaintiff has been damaged as alleged herein.

WHEREFORE, the United States respectfully request that this Court enter judgment against the Defendant in the amount of $41,038.04, plus costs.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorney,

LEAH B. FOLEY
United States Attorney

Date: June 2, 2026                    By:    /s/ *Raquelle L. Kaye*
                                             RAQUELLE L. KAYE
                                             Assistant United States Attorney
                                             One Courthouse Way, Suite 9200
                                             Boston, MA 02210
                                             Tel. No. (617) 748-3403
                                             raquelle.kaye@usdoj.gov